UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KLANEY J. FONTENOT, ET AL.** | *****CIVIL ACTION NO. 06-2234** |
| **VS.** | *****MAGISTRATE JUDGE HILL** |
| **METROPOLITAN PROPERTY & CASUALTY INSURANCE CO.** | *****BY CONSENT OF THE PARTIES** |

## MEMORANDUM RULING

Pending before the court is the plaintiffs' Motion to Reconsider Ruling Granting Partial Summary Judgment in favor of the defendant's on the plaintiffs' claim for Attorney's Fees and 50% Penalty under La.R.S. 22:658. [rec. doc. 59]. The defendant has filed opposition. [rec. doc. 61]. For the following reasons, the Motion to Reconsider is **denied**.

To the extent that the plaintiffs contend that this court erred when it relied on the allegations in plaintiffs' original complaint in finding that the filing of the proof of loss and expiration of the time period in which payment was due occurred before the effective date of the amended statute, that contention is without merit. In *Broussard v. State Farm*, 2007 WL 2264535, *7 (E.D.La. 2007), previously cited by this court in support of its ruling, Judge Vance, like the undersigned, relied on the allegations in plaintiffs' complaint in determining the applicable penalty provision. Such reliance is justified given that, under binding Fifth Circuit precedent, "[f]actual assertions in pleadings are judicial admissions conclusively binding on the party that made them." *Johnson v. Houston's Restaurant, Inc.,* 167 Fed. Appx. 393, 395 (5th Cir. 2006) *citing White v.*

*ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir.1983), *Morales v. Dep't of the Army*, 947 F.2d 766, 769 (5th Cir.1991), and *Davis v. A.G. Edwards & Son, Inc.*, 823 F.2d 105, 108 (5th Cir.1987). Accordingly, the plaintiffs current argument, which is contrary to the facts alleged in their complaint, is foreclosed.[1] *Id.*

To the extent that plaintiffs argue that multiple penalties for multiple breaches may be imposed, that claim is rejected for the reasons previously set forth by this court. Moreover, plaintiffs' reliance on the *Kiefer*[2] case is misplaced. Plaintiffs argue that *Kiefer* supports their argument that non-payment of an appraisal award is the equivalent of a non-payment of a settlement agreement. However, the *Kiefer* court was discussing the applicability of § 1220 which expressly provides penalties for bad faith failures to pay a settlement which has been reduced to writing. La.R.S. 22:1220(B)(2). The statute at issue in the defendant's Motion, § 658, contains no such provision. The penalty under § 658 is based on an insurer's untimely payment of claims after receipt of satisfactory proof of loss.

The plaintiffs' argument that the appraisal process and resulting award are distinct from, and not a part of, this litigation is unconvincing, given that plaintiffs seek to enforce the appraisal award in this litigation, as evidenced by their previously filed Motion for

---

[1] Indeed, if this were not the case, the defendants would be placed in the anomalous position of having to prove plaintiffs' claim, demonstrating that it received satisfactory proof of loss prior to the filing of the original complaint, in order to avoid imposition of higher penalties and attorney fees.

[2] 1999 WL 147673 (E.D.La. 1999) (Porteous, J.)

Summary Judgment in which plaintiffs requested that the appraisal award be "homologated as the judgment of this Court in all respects ...." *See* rec. doc. 41-1 at pg. 1.

Therefore, the motion to reconsider is denied.

Signed this 10th day of October, 2007 at Lafayette, Louisiana.

_C. Michael Hill_
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE